### INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL–CIO, LOCAL NO. 1434, Plaintiff,

v.

### E. I. DuPONT de NEMOURS AND COMPANY et al., Defendants.

### Civ. A. No. 75–0686–R.

United States District Court, E. D. Virginia, Richmond Division.

Sept. 3, 1976.

---

Jay J. Levit, Richmond, Va., for plaintiff.

Lewis T. Booker, Hunton & Williams, Virginia W. Powell, Parker E. Cherry, Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

The plaintiff, International Brotherhood of Electrical Workers, AFL–CIO, Local No. 1434 (IBEW) brings this action against E. I. DuPont de Nemours and Company (DuPont) and Ampthill Rayon Workers, Incorporated (ARWI) to set aside two arbitration awards. Jurisdiction of the matter vests with the Court under the provisions of § 301 of the Labor-Management Relations Act, 29 U.S.C. § 185. The matter comes before the Court on cross-motions for summary judgment. Fed.R.Civ.P., Rule 56(a) and (b).

The arbitration awards in issue were prompted by a series of disputes over work assignments at DuPont's Spruance Textile Fibers Plant between IBEW and ARWI; each union contended that its members should be assigned to run and maintain three types of machinery. The first dispute, over work on a machine designated as the lime scales, was submitted to arbitration pursuant to a tripartite agreement among IBEW, ARWI and DuPont. The arbitration decision reference this machine favored the plaintiff and is not contested in the instant suit. The second dispute, over work on a machine designated as the Ramsey Gravimetric Feeder, was similarly submitted to arbitration. On October 6, 1975, after a hearing and the submission of post-hearing briefs, Arbitrator Willingham decided that ARWI personnel were properly assigned by DuPont to work on the Gravimetric Feeder. The third dispute, over work on a machine designated as the NOD 12 Acrison Feeder, was also submitted to arbitration. On December 17, 1975, after a hearing and the submission of post-hearing briefs, Arbitrator Jaffee concluded that ARWI personnel were appropriately assigned to service the Acrison Feeder.

In each dispute, the Arbitration Board, pursuant to submission agreements between DuPont, IBEW and ARWI, consisted of a neutral arbitrator and three arbitrators selected by the respective parties. The union and company appointed arbitrators to serve in advisory capacities only, with the decision of the neutral arbitrator to be final and binding on all parties. IBEW contends that (1) Arbitrator Willingham did not hold an "executive session" with the neutral arbitrators, (2) a copy of Arbitrator Willingham's decision was mailed to Arbitrator Jaffee before Mr. Jaffee had rendered his decision, (3) Arbitrator Jaffee made his decision without due reflection upon the executive session he had previously held, and (4) that both Arbitrators Willingham and Jaffee ruled "arbitrarily and capriciously," and disposed of issues in a "perfunctory fashion" without sufficient explanatory rationale.

 It is well established that courts, in most cases, will not review the merits of the decision of an arbitrator. *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers v. American Manufacturing Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960) ["Steelworkers trilogy"].

. . . the refusal of courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements. The federal policy of settling labor disputes for arbitration would be undermined if courts had the final say on the merits of the awards.

*United Steelworkers v. Enterprise Wheel & Car Corp., supra*, 363 U.S. at 596, 80 S.Ct. at 1360. *See also Local 358, Bakery & Confectionery Workers Union v. Nolde Brothers, Inc.*, 530 F.2d 548 (4th Cir. 1975); *American Brake Shoe Company v. Local 149, UAW–AFL–CIO*, 298 F.2d 212 (4th Cir. 1962). An arbitration award may be set aside, however, if the arbitrator exceeds his authority.

The powers of an arbitrator are not unlimited. He derives his authority from and is bound by the terms of the contract from which he draws his authority . . . His function is confined to the interpretation and application of the collective bargaining agreement under which he acts and, while he may give his own construction to ambiguous language, he is without any authority to disregard or modify plain and unambiguous provisions.

*Monongahela Power Company v. Local No. 2332, International Brotherhood of Electrical Workers, AFL–CIO–CLC, et al.*, No. 75–1329 (4th Cir. 1976), S1. Op. at 6. (footnotes omitted). *See also Local No. 358, Bakery & Confectionery Workers Union v. Nolde Brothers, supra*, at 552; *Textile Workers Union of America v. American Thread Co.*, 291 F.2d 894, 899 (4th Cir. 1961).

 There is no claim, however, that the disputes were improperly submitted to arbitration. *See, e. g., Winston-Salem Printing Pressmen & Assistants Union No. 318 v. Piedmont Publishing Company*, 393 F.2d 221 (4th Cir. 1968), or that the arbitrators allowed or disallowed appropriate relief, contrary to the express terms of the bargaining agreement. *See, e. g., Monongahela Power Company v. Local No. 2332, International Brotherhood of Electrical Workers, AFL–CIO–CLC, et al., supra*. The plaintiff's claims go (1) to the merits of the award (it was "arbitrary and capricious"), which must be rejected out-of-hand under the law of the "Steelworkers trilogy", and (2) to the procedures used by the arbitrators in reaching their respective decisions. With respect to the latter claim, the plaintiff contends that the procedures used by Arbitrators Willingham and Jaffee were contrary to those established by custom and practice.

 The submission agreements provide for union and company appointed arbitrators and state that these arbitrators "shall serve in advisory capacities only," with the decision of the neutral arbitrators to be "final and binding on all parties." No "executive sessions" were required by the

agreements, nor were any requirements put on the degree of reflection that the neutral arbitrator had to give to the opinions of the appointed arbitrators. Finally, nothing was said in the agreement on the deference that one arbitrator had to afford previous arbitrator's decisions on similar disputes. In short, there is no clear and unambiguous standard set forth in the agreements on the procedures to be followed. Accordingly, the arbitrator has the authority and the discretion to follow procedures that he or she deem to be appropriate. In this regard, it is the arbitrator's province to assess the understandings, custom and practice of the shop and gauge how they affect procedures necessary to finalize the controversy, and the Court will not disturb that judgment. *Cf. A. S. Abell Co. v. Baltimore Typographical Union No. 12*, 338 F.2d 190 (4th Cir. 1964), *interpreted in Local No. 358, Bakery & Confectionery Workers Union, AFL–CIO v. Nolde Brothers, Inc., supra*, 530 F.2d 548. The arbitrator's discretion in this regard is limited, of course, by his or her maintaining impartiality until the time of the actual decision. In the instant case, there were no allegation of affirmative bias.

An appropriate order will issue.

### ORDER

For the reasons stated in the Memorandum of the Court this day filed, and deeming it proper so to do, it is ADJUDGED and ORDERED that:

(1) The motion of plaintiff for summary judgment be and the same is hereby denied;

(2) The motion of defendants for summary judgment be and the same is hereby granted; and

(3) The defendants are dismissed with their costs.

Let the Clerk send a copy of this Order and the accompanying Memorandum to all counsel of record.